09-CV-05271-CMP

FILED _____ LODGED
_____ RECEIVED

MAY 07 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

# C09  5271 FDB

Lawrence Hutt and Peggy Hutt, husband and wife and their marital community,

Plaintiffs

versus

Pierce County, a political subdivision of the State of Washington;
Sarah Richardson, individually and in her official capacity as a deputy prosecuting attorney;
Carl Hultman, individually and in his official capacity as a deputy prosecuting attorney;
Bryan Chushcoff, individually;
Rob Masko, in his official capacity as Corrections Chief;
John Doe Clark badge #400, individually and in his official capacity as a deputy sheriff;
John Doe Halsey badge #215, individually and in his official capacity as a deputy sheriff;
Does 1-10, Corrections employees, individually and in their official capacities;

Defendants

Case No. _____

**COMPLAINT FOR DAMAGES for VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, et seq**

*Plaintiffs allege as follows:*

## I.    JURISDICTION

1.    Jurisdiction is conferred by federal statute, to wit, 42 USC §1983 and 28 USC §1331 and 28 USC §1343.

2.    All Defendants are domiciled or physically situated within Pierce County in the State of Washington and conduct their business affairs therein.

COMPLAINT FOR DAMAGES – CIVIL RIGHTS
42 U.S.C. § 1983
Page - 1

Lawrence & Peggy Hutt
12410 S.R. 302 KPN
Gig Harbor WA 98329
(253) 548-9702

ORIGINAL

## II.    VENUE

3.    Venue is proper under Local Rules of the Western District of Washington.

## III.    PARTIES

4.    Plaintiffs Lawrence Hutt and Peggy Hutt are husband and wife and both reside in Pierce County WA and their marital community claims domicile therein.

5.    Defendant Pierce County is a political subdivision of the State of Washington.

6.    Defendant Sarah Richardson is a deputy prosecuting attorney employed by Pierce County.

7.    Defendant Carl Hultman is a deputy prosecuting attorney employed by Pierce County.

8.    Defendant Bryan Chushcoff is a judge in Pierce County Superior Court Department 4.

6.    Defendant Rob Masko is the Chief of the Pierce County Department of Corrections.

7.    Defendant John Doe Clark, badge # 400, is a deputy sheriff employed by Pierce County.

8.    Defendant John Doe Halsey, badge # 215, is a deputy sheriff employed by Pierce County.

10.    Defendants Does 1-10 are corrections officers employed by Pierce County.

## ALLEGED FACTS

11.    On or about 1 February 2005, Defendant Sarah Richardson, purportedly in performance of her official duties as a Pierce County deputy prosecuting attorney, filed a petition in Pierce County Superior Court under cause number 05-3-00317-0.

12.    On or about 8 February 2005, Defendant Richardson filed documents under said cause number alleging that Plaintiff Peggy Hutt (f/k/a Margaret Santiago) was in contempt of a court order. Also on or about 8 February 2005, Defendant Richardson obtained an ex parte order to show cause directed at Plaintiff Peggy Hutt to appear in Pierce County Superior Court to answer the alleged contempt of court order.

13.    On or about 15 February 2005, a process server handed a stack of documents to Plaintiff Lawrence Hutt at the door of Plaintiffs' residence. **True copies of said documents are attached hereon and marked as Attachment A.**

14.    Plaintiff Peggy Hutt responded to said legal documents by filing a Notice of Special Appearance which inter alia requested that the case be dismissed.

15.    On the date of the hearing, attorney Stephen G. Smith appeared for Plaintiff Peggy Hutt.

**COMPLAINT FOR DAMAGES – CIVIL RIGHTS**
**42 U.S.C. § 1983**
**Page - 2**

**1** 16.   The matter was continued without resolution.

**2** 17.   After several similar hearings without resolution or action, the case was transferred to

**3** Pierce County Superior Court Department 4. At the time of the case transfer on 22 August 2005

**4** and ongoing to the date of filing of this complaint, the judge of Department 4 was Defendant

**5** Bryan Chushcoff.

**6** 18.   Subsequent to the case being assigned to Department 4, on or about 30 June 2006, De-

**7** fendant Chushcoff signed an order of contempt and an order authorizing bench warrant against

**8** Plaintiff Peggy Hutt.

**9** 19.   Immediately subsequent to Defendant Chushcoff signing said documents, Defendant Carl

**10** Hultman took the order authorizing bench warrant to the Pierce County Clerk's Office where he

**11** proceeded to obtain a bench warrant from a deputy clerk.

**12** 20.   On or about 7 May 2007 at about 1:30 P.M., Defendants Clark and Halsey came to the

**13** Plaintiffs' apartment residence and knocked on the door.

**14** 21.   Plaintiff Lawrence Hutt opened the door but did not immediately see Defendants Clark

**15** and Halsey, who had positioned themselves separately on each side of the door.

**16** 22.   When Plaintiff Lawrence Hutt recognized Defendants Clark and Halsey as sheriff's

**17** deputies, Plaintiff stepped out of his apartment while pulling the door shut behind him.

**18** 23.   Defendants Clark and Halsey immediately moved to prevent Plaintiff Lawrence Hutt

**19** from closing the door with one grabbing Plaintiff's hand and the other grabbing Plaintiff's arm.

**20** 24.   By using their combined weight and simultaneously pulling on Plaintiff's arm, Defen-

**21** dants Clark and Halsey succeeded in forcing Plaintiff to release his grip on the door latch.

**22** 25.   As soon as Plaintiff lost his grip on the door latch, one of the deputy sheriff Defendants

**23** entered the apartment while the other deputy sheriff Defendant continued to hold Plaintiff's fore-

**24** arm and block Plaintiff from entering the apartment.

**25** 26.   At some point in time subsequent to the entry into the apartment, Plaintiff Peggy Hutt

**26** was escorted outside. Plaintiff Peggy Hutt was handcuffed behind her back. The deputy sheriff

**27** Defendant who was holding Plaintiff Lawrence Hutt released his grip on Plaintiff's forearm and

**28** both Defendants led Plaintiff Peggy Hutt down the outside steps towards the parking lot.

**COMPLAINT FOR DAMAGES – CIVIL RIGHTS**
**42 U.S.C. § 1983**
**Page - 3**

*Lawrence & Peggy Hutt*
*12410 S.R. 302 KPN*
*Gig Harbor WA 98329*
*(253) 548-9702*

1   27.   As Defendants Clark and Halsey were walking with Plaintiff Peggy Hutt across the com-

2   mon area courtyard, Plaintiff Lawrence Hutt followed them.

3   28.   When the two Defendants reached their vehicle, they assisted Plaintiff Peggy Hutt into

4   the vehicle's rear seat.

5   29.   Plaintiff Lawrence Hutt moved toward the vehicle to speak with Plaintiff Peggy Hutt.

6   30.   Defendants Clark and Halsey told Plaintiff Lawrence Hutt to stay away from the vehicle

7   or he would be arrested.

8   31.   Defendants Clark and Halsey got into their vehicle and drove away.

9   32.   Plaintiff Lawrence Hutt received a phone call from Plaintiff Peggy Hutt, who was calling

10   from the booking area of the Pierce County Jail.

11   33.   Plaintiff Peggy Hutt explained that there was some problem booking her as at least one

12   employee had refused to process her into the facility. Plaintiff Peggy Hutt could not explain what

13   the problem was.

14   34.   Plaintiff Peggy Hutt was eventually booked into the jail facility by a Doe Defendant.

15   35.   After booking was completed, Plaintiff Peggy Hutt was strip searched by a different Doe

16   Defendant.

17   36.   After the strip search, Plaintiff Peggy Hutt was provided with a jail jumpsuit and bedding

18   and taken to a jail module where she was given a sleeping area assignment.

19   37.   Five days after being booked into the jail, Plaintiff Peggy Hutt was handcuffed and taken to

20   a courtroom where a Superior Court Commissioner set bail at $750.00.

21   38.   Plaintiff Lawrence Hutt attempted to post bail to secure the release from custody of

22   Plaintiff Peggy Hutt.

23   39.   Before Plaintiff Lawrence Hutt could post bail, Plaintiff Peggy Hutt was released.

24   40.   On or about 22 June 2007, Defendant Hultman filed documents for another bench warrant

25   to be issued for Plaintiff Peggy Hutt.

26   41.   On or about 22 June 2007, Defendant Hultman presented said documents to Defendant

27   Chushcoff in Pierce County Superior Court Department 4 who proceeded to sign an order to is-

28   sue a bench warrant for the arrest of Plaintiff Peggy Hutt.

**COMPLAINT FOR DAMAGES – CIVIL RIGHTS**
**42 U.S.C. § 1983**
**Page - 4**

1    42.    On or about 27 June 2007, Defendant Hultman presented the order to issue bench warrant

2    to the Pierce County Clerk Office where a deputy clerk issued the bench warrant for the arrest of

3    Plaintiff Peggy Hutt.

4    43.    On or about 9 February 2009, Defendant Hultman appeared before a Pierce County supe-

5    rior court commissioner and requested that the bench warrant for the arrest of Plaintiff Peggy

6    Hutt be quashed, The request was granted by the commissioner and the warrant was quashed.

7    44.    The acts and omissions of the Defendants as alleged herein were done deliberately and in

8    bad faith and in reckless disregard for the rights of Plaintiffs.

9    45.    The acts and omissions of the Defendants as alleged herein were done in concert and co-

10   operation of each of the Defendants with each and every one of the other Defendants, as a con-

11   spiracy intended to inflict harm upon the Plaintiffs who as a consequence were harmed.

12   46.    The acts and omissions of the Defendants as alleged herein were done in violation of the

13   laws of the State of Washington and were done in violation of the rights of Plaintiffs as guaran-

14   teed by the United States constitution.

15   47.    At all times material herein, Defendants were operating under color of law and the acts or

16   omissions of the Defendants were done in accordance with official policies or customs of the

17   governmental agencies that employed Defendants.

18

19   **BASED ON THE ABOVE ALLEGATIONS, PLAINTIFFS MAKE**

20   **THE FOLLOWING STATE TORT CLAIMS AGAINST DEFENDANTS:**

21   48.    The acts and omissions stated herein constitute state tort claims against Defendants by

22   Plaintiff Peggy Hutt for *false arrest, false imprisonment, and malicious prosecution*.

23   49.    The acts and omissions stated herein constitute state tort claims against Defendants by

24   Plaintiffs Lawrence Hutt and Peggy Hutt for *assault, battery, defamation, infliction of emo-*

25   *tional distress (negligent), infliction of emotional distress (intentional), loss of consortium,*

26   *and unlawful conversion*.

27

28

COMPLAINT FOR DAMAGES – CIVIL RIGHTS
42 U.S.C. § 1983
Page - 5

Lawrence & Peggy Hutt
12410 S.R. 302 KPN
Gig Harbor WA 98329
(253) 548-9702

**BASED ON THE ABOVE ALLEGATIONS, PLAINTIFF MAKES THE**
**FOLLOWING FEDERAL CLAIMS AGAINST DEFENDANTS:**

50.     The acts and omissions stated herein constitute federal civil rights claims against each and all Defendants by Plaintiffs Lawrence Hutt and Peggy Hutt of *conspiracy to violate civil rights, including deprivation of constitutional rights under color of law under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States constitution* pursuant to 42 U.S.C. § 1983 et seq.

**WHEREFORE, PLAINTIFFS DEMAND JUDGMENT AS FOLLOWS:**

51.     On each federal claim pursuant to 42 U.S.C. §1983, against each and every Defendant, for any and all damages allowed by law in an amount to be proved at jury trial.

52.     On each state tort claim, against each and every Defendant, for any and all damages allowed by law in an amount to be proved at jury trial.

53.     For each claim merged into judgment which derives from Plaintiffs' federal claims to be awarded jointly and severally against Defendants, each and all of them.

54.     For each claim merged into judgment which derives from Plaintiffs' state tort claims to be awarded jointly and severally against Defendants, each and all of them.

55.     For Plaintiffs' litigation costs incurred in this action, according to law, and also for their reasonable attorney fees incurred in this action, pursuant to 42 U.S.C. §1988.

56.     For such other relief, including injunctive relief, as the Court may deem to be just, proper, and equitable.

Date: 5/7/09

*Lawrence Hutt, Plaintiff*

Date: 5/7/09

*Peggy Hutt, Plaintiff*

**COMPLAINT FOR DAMAGES – CIVIL RIGHTS**
**42 U.S.C. § 1983**
**Page - 6**

*Lawrence & Peggy Hutt*
*12410 S.R. 302 KPN*
*Gig Harbor WA 98329*
*(253) 548-9702*

# ATTACHMENT

# A



05-3-00317-0    22605301    NTC    02-24-05

F I L E D
IN COUNTY CLERK'S OFFICE

A.M. FEB 2 3 2005 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY_____ DEPUTY

## PIERCE COUNTY SUPERIOR COURT, STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ex rel, et al,<br>  Petitioner<br><br>vs<br><br>Margaret A Santiago aka Peggy A Hutt,<br>  Respondent | NO:  05 3 00317 0<br><br>**NOTE FOR COMMISSIONER'S CALENDAR**<br><br>RM. 264<br>COUNTY-CITY BLDG.<br>930 TACOMA AVE S |

TO THE CLERK OF THE COURT & TO:                    (List additional attorneys on reverse)

NAME:      **MARGARET A SANTIAGO**           ATTORNEY FOR: **Pro Se**
ADDRESS:   **10708 SOUTH A STREET #207**       WSBA #:

           **PARKLAND WA 98444**

Please take notice that an issue of law in this case will be heard on the date below and the clerk is directed to note this issue on the appropriate calendar.

          CALENDAR DATE _____ **APR 0 1 2005** _____ at 1:30 PM.

NATURE OF MOTION: SHOW CAUSE RE: CONTEMPT

**SELECT ONE BOX BELOW**

| | | | |
|---|---|---|---|
| [ ] | (FC) Paternity (1:30) M,T,TH | [ ] | (MO) Show Cause/Family Law<br>9:30 M-F |
| | | [X] | (WW) Contempt (State)<br>1:30 Wed & Fri |

DATED:     January 25, 2005
NAME:      Sarah E. Richardson                 SIGNED: _Sarah Richardson_
ADDRESS:   Family Support Division              WSBA    25084
           949 Court "E"
           Tacoma, WA 98402 (798-7444)
           Attorney for Petitioner

IVD# 1693624

12021 2/9/2005 00119

FILED
IN COUNTY CLERK'S OFFICE

A.M. FEB - 8 2005 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY_____ DEPUTY

05-3-00317-0   22522841   ORTSC   02-08-05

# SUPERIOR COURT OF WASHINGTON
# COUNTY OF PIERCE

State of Washington on behalf of:
Jose Cordero Santiago

NO:   05 3 00317 0

Petitioner

vs.

ORDER TO SHOW CAUSE
RE CONTEMPT
(ORTSC)

Margaret A Santiago aka Peggy A Hutt
Mother

Jose Antonio Santiago
Father

Respondents

IT IS ORDERED:

Margaret A Santiago aka Peggy A Hutt shall appear in person before this court at the place and time below and show cause why the relief requested in the motion and declaration served with this order should not be granted.

**Date:**        APR 0 1 2005

**Time:**        1:30 PM

**Place:**       930 TACOMA AVE S, COUNTY-CITY BUILDING, TACOMA WA

**Room/Dept:  ROOM 264**

**IF YOU FAIL TO APPEAR IN PERSON AND DEFEND AT THESE PROCEEDINGS, THE COURT MAY GRANT ALL OF THE RELIEF REQUESTED AND/OR ISSUE A BENCH WARRANT FOR YOUR ARREST WITHOUT FUTHER NOTICE TO YOU.**

**YOUR FAILURE TO APPEAR AS SET FORTH AT THE TIME, DATE AND PLACE THEREOF WILL CAUSE THE COURT TO ISSUE A BENCH WARRANT FOR YOUR APPREHENSION AND CONFINEMENT IN JAIL UNTIL SUCH TIME AS THE MATTER CAN BE HEARD.**

ORDER TO SHOW CAUSE RE CONTEMPT - 1
WPF 4D 05.0150 (6/2002) - RCW 26.09.160
IVD# 1693624

Gerald A. Horne
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7444
(800)248-5130

12021 2/9/2005 00128

1  If imprisonment is requested in the motion and you cannot afford an attorney, you may request
2  the court to appoint an attorney to represent you.

3

4  DATED: ___2/04/05___                    ~~JUDGE~~/COURT COMMISSIONER

5

6  Presented by:

7

8  _Sarah Richardson_
   Sarah E. Richardson
9  Deputy Prosecuting Attorney
   WSBA No. 25084
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
IN COUNTY CLERK'S OFFICE

A.M. FEB - 8 2005 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY_____ DEPUTY

ORDER TO SHOW CAUSE RE CONTEMPT - 2
WPF 4D 05.0150 (6/2002) - RCW 26.09.160
IVD# 1693624

Gerald A. Horne
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7444
(800)248-5130

12021 2/9/2005 00121

05-3-00317-0  22522642  MTSC  02-08-05

**FILED**
**IN COUNTY CLERK'S OFFICE**

A.M. /FEB - 8 2005 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY_____ DEPUTY

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF PIERCE**

State of Washington on behalf of:
Jose Cordero Santiago

NO:  **05 3 00317 0**

Petitioner

vs.

MOTION/DECLARATION FOR AN
ORDER TO SHOW CAUSE RE
CONTEMPT
**(MTSC)**

Margaret A Santiago aka Peggy A Hutt
Mother

Jose Antonio Santiago
Father

Respondents

## I. MOTION

The state moves the court for an order directing Margaret A Santiago aka Peggy A Hutt, to appear personally before the court and show cause why an order should not be entered:

1.1  FINDING CONTEMPT.

Finding contempt for failure to comply with:

| Type of Order | Date | County/State |
|---|---|---|
| Order of Child Support | 3/27/03 | King County, WA |

1.2  ESTABLISHING A JUDGMENT.

Establishing a judgment of $200.00 for attorney's fees and costs.

1.3  GRANTING SANCTIONS.

Granting sanctions for contempt, including a forfeiture for each day the contempt of court

MOT/DECL/ORDER TO SHOW CAUSE RE CONTEMPT - 1
WPF 4D 05.0100 (7/2003) - RCW 29.09.160; 26.18.040; 7.21
IVD# 1693624

Gerald A. Home
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7444
(800)248-5130

12821 2/9/2885 00122

continues, and establishing conditions by which the contempt may be purged and granting any other relief, including reasonable attorney fees and costs, and make up residential time, as may be appropriate under Chapter 7.21 RCW, Chapter 26.09 RCW, Chapter 26.10 RCW, Chapter 26.26 RCW, and RCW 26.18.040.

[X]     Imprisonment is sought as a sanction.

1.4     OTHER:

This motion is based upon the declaration which follows and the debt calculation records of the Division of Child Support filed herein.

Dated: _1-25-05_                    _Sarah Richardson_
                                    Sarah E. Richardson
                                    WSBA # 25084

## II. DECLARATION

Margaret A Santiago aka Peggy A Hutt should be held in contempt for the following reasons:

Failure to comply with the provision of the child support order which directed payment of:

[X]     Current support in the amount of                            $25 per month beginning 12/1/02 to 12/1/03; then increasing to $284.67 beginning 12/1/03.

[ ]     Day care or special expenses/extraordinary costs/educational expenses or provide health insurance coverage as follows:

[]      Other:

I declare under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Signed at Tacoma, Washington on _1-25-05_        .

                                    _Sarah Richardson_
                                    Sarah E. Richardson
                                    WSBA # 25084

MOT/DECL/ORDER TO SHOW CAUSE RE CONTEMPT - 2
WPF 4D 05.0100 (7/2003) - RCW 29.09.160; 26.18.040; 7.21
IVD# 1693624

Gerald A. Horne
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7443
(800)248-5130

12021 2/9/2005 00115

FILED
IN COUNTY CLERK'S OFFICE

A.M. FEB - 8 2005 P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, COUNTY CLERK
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON, ex rel et al. )   NO: 05 3 00317 0
              Petitioner           )
      vs.                          )
                                   )
_Margaret A. Santiago aka_         )   DECLARATION REGARDING
          Respondent               )   FILING OF DOCUMENTS
_Peggy A Hutt_                     )   (NPF)

The attached document(s) were submitted by a party, and/or are
filed at the direction of the Court Commissioner.

A.    Debt Calculation

B.    Case Payment Screen

C.    Employment Security/Income Screen

D.    _____

E.    _____

F.    _____

Dated:    JAN 3 1 2005         .

                          _Marilyn S Curry_
                          MARILYN S. CURRY
                          PARALEGAL 2

DECLARATION RE DOCUMENTS
Page - 1

Office of the Prosecuting Attorney
949 Court E
Tacoma, Washington 98402-5616
Family Support (253) 798-7444
(800) 248-5130

12021 2/9/2005 00116

State of Washington-
Division of Child Support

# Debt Calculation

12/16/2004 10:11:16 AM

IV-D Case #:   1693624

NCP:   SANTIAGO, MARGARET A

CP:   SANTIAGO, JOSE ANTONIO

RSEO: 3719 - N. SWENSON
Tacoma DCS
PO Box 11520
Tacoma, WA 98411-5520
(253) 597-3700 / 1-800-345-9976

Comment:

Per Agreed Order 3/27/03

| Month | Order Amount | Amount Paid | Monthly Debt | Running Balance |
|-------|-------------|-------------|--------------|-----------------|

** Temporary Order # 96-3-05836-3KNT filed 12/20/02 is superceded by Agreed
** Order filed 3/27/03.  Agreed Order set support effective 12/1/02 at
** $25.00 per month for the next 12 months.  After 12/1/03, the support
** transfer payment shall be $284.67 per month.

| Month | Order Amount | Amount Paid | Monthly Debt | Running Balance |
|-------|-------------|-------------|--------------|-----------------|
| Dec 2002 | 25.00 | 0.00 | 25.00 | 25.00 |
| Jan 2003 | 25.00 | 0.00 | 25.00 | 50.00 |
| Feb 2003 | 25.00 | 0.00 | 25.00 | 75.00 |
| Mar 2003 | 25.00 | 0.00 | 25.00 | 100.00 |
| Apr 2003 | 25.00 | 0.00 | 25.00 | 125.00 |
| May 2003 | 25.00 | 0.00 | 25.00 | 150.00 |
| Jun 2003 | 25.00 | 0.00 | 25.00 | 175.00 |
| Jul 2003 | 25.00 | 0.00 | 25.00 | 200.00 |
| Aug 2003 | 25.00 | 0.00 | 25.00 | 225.00 |
| Sep 2003 | 25.00 | 0.00 | 25.00 | 250.00 |
| Oct 2003 | 25.00 | 0.00 | 25.00 | 275.00 |
| Nov 2003 | 25.00 | 0.00 | 25.00 | 300.00 |
| Dec 2003 | 284.67 | 0.00 | 284.67 | 584.67 |
| Jan 2004 | 284.67 | 0.00 | 284.67 | 869.34 |
| Feb 2004 | 284.67 | 0.00 | 284.67 | 1,154.01 |
| Mar 2004 | 284.67 | 0.00 | 284.67 | 1,438.68 |
| Apr 2004 | 284.67 | 0.00 | 284.67 | 1,723.35 |
| May 2004 | 284.67 | 0.00 | 284.67 | 2,008.02 |
| Jun 2004 | 284.67 | 0.00 | 284.67 | 2,292.69 |
| Jul 2004 | 284.67 | 54.21 | 230.46 | 2,523.15 |

11789 2/3/2005 001 3

**3.10   INCREMENTAL PAYMENTS.**

Does not apply.

**3.11   HOW SUPPORT PAYMENTS SHALL BE MADE.**

Enforcement and Collection:

The Division of Child Support provides support enforcement services for this case.  Support payments shall be made to:

> Washington State Support Registry
> P. O. Box 45868
> Olympia, WA  98504
> Phone:    1-800-922-4306 or 1-800-442-5437

A party required to make payments to the Washington State Support Registry will not receive credit for a payment made to any other party or entity.  The obligor parent shall keep the registry informed whether he or she has access to health insurance coverage at reasonable cost and, if so, to provide the health insurance policy information.

**3.12   WAGE WITHHOLDING ACTION**

Withholding action may be taken against wages, earnings, assets, or benefits, and liens enforced against real and personal property under the child support statutes of this or any other state, without further notice to the obligor parent at any time after entry of this order unless an alternative provision is made below: None

**3.13   TERMINATION OF SUPPORT.**

Support shall be paid until the child is 18 or has graduated from high school, whichever occurs last.

**3.14   POST SECONDARY EDUCATIONAL SUPPORT.**

Does not apply.

*ORDER OF CHILD SUPPORT – Page 5 of* 8
WPF DR 01.0500 (9/01), RCW 26.09.175; 26.26.132(5)

LORETTA M. FIORI, INC., P.S.
A PROFESSIONAL LAW SERVICE CORPORATION
3204 AUBURN WAY N.
AUBURN, WASHINGTON 98002
(253) 735-3400      FAX: (253) 735-2845

11299  3/3/2885  881

**3.15  PAYMENT FOR EXPENSES NOT INCLUDED IN THE TRANSFER PAYMENT.**

The mother shall pay 100% of the cost of supervised visitation.

**3.16  PERIODIC ADJUSTMENT.**

This order may be adjusted if the mother obtains actual employment, if the mother obtains proof that she is physically unable to work, and if the mother does not obtain the necessary services as required in the parenting plan. Additionally, this order may be adjusted as to the mothers income if she is able to show that she is unable to earn the amount imputed to her.

**3.17  INCOME TAX EXEMPTIONS.**

Tax exemptions for the children shall be allocated to the father.

The parents shall sign the federal income tax dependency exemption waiver.

**3.18  MEDICAL INSURANCE FOR THE CHILDREN LISTED IN PARAGRAPH 3.1.**

Unless one or more of the boxes below are checked, each parent shall maintain or provide health insurance coverage if:

(a)  Coverage that can be extended to cover the children is or becomes available to each parent through employment or is union-related; and

(b)  The cost of such coverage for the mother does not exceed 25 percent of mother's basic child support obligation on Worksheet Line 7, and the cost of such coverage for the father does not exceed 25 percent of father's basic child support obligation on Worksheet Line 7.

The parent(s) shall maintain health insurance coverage, if available for the children listed in paragraph 3.1, until further order of the court or until health insurance is no longer available through the parents' employer or union and no conversion privileges exist to continue coverage following termination of

*ORDER OF CHILD SUPPORT – Page 6 of 8*
WPF DR 01.0500 (9/01), RCW 26.09.175; 26.26.132(5)

LORETTA M. FIORI, INC., P.S.
A PROFESSIONAL LAW SERVICE CORPORATION
3204 AUBURN WAY N.
AUBURN, WASHINGTON 98002
(253) 735-3400      FAX: (253) 735-2845

11789 2/3/2005 0018

employment.

A parent who is required under this order to provide health insurance coverage is liable for any covered health care costs for which that parent receives direct payment from an insurer.

A parent who is required under this order to provide health insurance coverage shall provide proof that such coverage is available or not available within twenty days of the entry of this order to the physical custodian or the Washington State Support Registry if the parent has been notified or ordered to make payments to the Washington State Support Registry.

If proof that health insurance coverage is available or not available is not provided within twenty days, the obligee or the Department of Social and Health Services may seek direct enforcement of the coverage through the obligor's employer or union without further notice to the obligor as provided under Chapter 26.18 RCW.

3.19   EXTRAORDINARY HEALTH CARE EXPENSES.
The OBLIGOR shall pay 30% of extraordinary health care expenses (the obligor's proportional share of income from the Child Support Schedule Worksheet, line 6), if monthly medical expenses exceed 5% of the basic support obligation from Worksheet line 5.

Dated: _____3/27/03_____

_____
JUDGE/COURT COMMISSIONER

Presented by:                                        Approved for entry:

LORETTA M. FIORI, INC., P.S.

By: _____           _____
Loretta M. Fiori-Thomas                     Marilyn R. Gunther
WSBA #17146                                    WSBA #27797
Attorney for Moving Party                   Attorney for Non-Moving Party

*ORDER OF CHILD SUPPORT – Page 7 of 8*
WPF DR 01.0500 (9/01); RCW 26.09.175; 26.26.132(5)

LORETTA M. FIORI, INC., P.S.
A PROFESSIONAL LAW SERVICE CORPORATION
3204 AUBURN WAY N.
AUBURN, WASHINGTON 98002
(253) 735-3400    FAX: (253) 735-2845

11789 2/3/2005 0010

45X

1
2
[x]   I apply for full support enforcement services from the DSHS Division of Child Support.

3
4
Jose Santiago

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   *ORDER OF CHILD SUPPORT – Page 8 of* **8**
25   WPF DR 01.0500 (9/01), RCW 26.09.175; 26.26.132(5)

LORETTA M. FIORI, INC., P.S.
A PROFESSIONAL LAW SERVICE CORPORATION
3204 AUBURN WAY N.
AUBURN, WASHINGTON 98002
(253) 735-3400      FAX: (253) 735-2845