Judge Benjamin H. Settle

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

LAWRENCE HUTT and PEGGY HUTT,
husband and wife and their marital
community,

11

12                                    Plaintiffs,          NO.  C09-5271 BHS

13                    vs.

14    PIERCE COUNTY, a political subdivision of      DEFENDANTS' 12(B)(6) MOTION TO
      the State of Washington; SARAH                 DISMISS AS TO DEFENDANTS
15    RICHARDSON, individually and in her            CHUSHCOFF, RICHARDSON,
      official capacity as a deputy prosecuting      HULTMAN, DEPUTY HALSEY AND
16    attorney; CARL HULTMAN, individually           DEPUTY CLARK, AND PIERCE
      and in his official capacity as a deputy       COUNTY ONLY
17    prosecuting attorney; BRYAN
      CHUSHCOFF, individually; JOHN DOE              NOTE ON MOTION DOCKET:
18    CLARK, BADGE #400, individually and in         OCTOBER 9, 2009
      his official capacity as a deputy sheriff; JOHN
19    DOE HALSEY, BADGE #215, individually
      and in his official capacity as a deputy sheriff;
20    DOES 1-10, Corrections employees,
      individually and in their official capacities,
21

22                                    Defendants.

23                              I.      MOTION

24          Come now Defendants Sarah Richardson, Carl Hultman, Judge Bryan Chushcoff,

25    Deputy Halsey and Deputy Clark (in both their individual and official capacities), and Pierce

County, and move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of the First Amended Complaint of Plaintiffs Hutt. *See* Dkt. #10. This motion is brought on the ground the Complaint fails to state a claim under Federal Rule of Procedure 12(b)(6) and that the subject complaint should be dismissed as a matter of law. This motion seeks dismissal of all federal claims against all defendants with the exception of the allegation of liability against the County regarding the strip search (Eighth Amendment claim), as factual disputes still exist with respect to these claims at this time, and all State law claims.

## II.    STATEMENT OF FACTS

On February 8, 2005, Pierce County Deputy Prosecutor Sarah Richardson filed a "Motion/Declaration for an Order to Show Cause Re Contempt" against Margaret Santiago, aka Peggy Hutt (hereinafter Peggy Hutt), for failure to pay child support based on an order of support entered on March 27, 2003, in King County. (*See* Dkt #10, Motion/Declaration for an Order to Show cause Re Contempt – Appendix to Plaintiff's First Amended Complaint.) On February 8, 2005, an Order to Show Cause Re Contempt was entered directing Plaintiff Peggy Hutt, to appear in Pierce County Superior Court in this matter and warning that failure to appear in the matter may result in a bench warrant. (*See* Dkt. #10 Order to Show Cause Re Contempt – Appendix to Plaintiff's First Amended Complaint.)

Out of this action, Superior Court Judge Chushcoff signed an order of contempt and an order authorizing bench warrant against Plaintiff Peggy Hutt. (See Dkt. #10, First Amended Complaint at para. 19, page 3). The warrant was served on May 7, 2007, when Pierce County Sheriff's Deputies Clark and Halsey went to Ms. Hutt's residence and knocked on the door. (*Id.,* First Amended Complaint at para. 20, page 3). Mr. Hutt answered the door, and then attempted to pull the door shut behind him. *Id.* at para. 22. Deputies removed Mr. Hutt's

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 2
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

hand from the door, and as Mr. Hutt lost his grip on the door, one of the Sheriff's Deputies entered the home and arrested Ms. Hutt, while the other continued to hold Mr. Hutt's forearm while using his body to block Mr. Hutt from entering the home.  *Id.* at para. 24-26.

Ms. Hutt was booked into Pierce County Jail on the warrant and allegedly strip searched.  *Id.* at para. 24-35.  On May 8, 2007, she appeared in court and bail was set at $1,000.  (Exhibit B)

On June 22, 2007, Pierce County Deputy Prosecutor Hultman filed documentation for a second bench warrant to be issued for Ms. Hutt.  *See* Dkt. #10, First Amended Complaint at para. 40.  A bench warrant was issued by Judge Chushcoff, and ultimately it was quashed on February 9, 2009.  *Id.* at para. 41-43.

Plaintiffs now bring this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.,* First Amended Complaint, at para. 62.  Plaintiffs also bring several State Tort Claims.  *Id.,* First Amended Complaint at para. 60-61.

### III.    ANALYSIS

Defendants seek dismissal of all federal claims, with the exception of the strip search claim under the Eighth Amendment, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This requires the Court to accept as true all allegations of fact in a well-pleaded complaint and construe those facts in the light most favorable to the plaintiff.  *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001).  A dismissal under Rule 12(b)(6) is appropriate if the plaintiff "can prove no set of facts in support of [his] claim which would entitle [him] to relief."  *Id.*  (Citation omitted.) *Karam v. City of Burbank*, 340 F.3d 884, 887 -888 (C.A.9 (Cal.) 2003).  The filing of a

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 3
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1    motion to dismiss under Rule 12(b)(6) tolls the time allowed for filing an answer to the

2    complaint. Fed.R.Civ.P. 12(a)(4).

3            Most recently in *Pearson* the court took the opportunity to once again emphasize that

4    "we repeatedly have stressed the importance of resolving immunity questions at the earliest

5    possible stage in litigation[,]" including "prior to discovery" or at the pleading stage by way of

6    Rule 12(b)(6) motions to dismiss since qualified immunity "is an immunity from suit rather

7    than a mere defense to liability" that "is effectively lost if a case is erroneously permitted to

8    go to trial." *Pearson v. Callahan*, 129 S.Ct. 808, 815, 818, 172 L.Ed.2d 565, 77 USLW 4068

9    (2009).

10           The majority of the complaint is brought under 42 U.S.C. § 1983.  A private right of

11   action exists against every person "who, under color of state law or custom 'subjects, or

12   causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

13   privileges, or immunities secured by the Constitution and laws.'" *Owen v. City of*

14   *Independence,* 445 U.S. 622, 635, 63 L. Ed. 2d 673 (1980) (quoting 42 U.S.C. § 1983).  This

15   right of action exists against natural persons as well as municipal corporations.  *Id.*  Here,

16   Plaintiffs' 42 U.S.C. § 1983 claim is without merit because their constitutional rights were

17   never violated.

18   **A.    JUDGE BRYAN CHUSCHOFF HAS ABSOLUTE IMMUNITY AND**
     **DISMISSAL IS PROPER WHERE ALL ACTIONS PERFORMED WERE**
19   **WITH PROPER JURISDICTION AND WITHIN HIS ROLE AS JUDGE.**

20           Judges enjoy the well-established principle of absolute immunity from suit on claims

21   arising out of the performance of judicial functions.  *See e.g. Pierson v. Ray*, 386 U.S. 547,

22   553-54 (1967).  "Anglo-American common law has long recognized judicial immunity, a

23   'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'"

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHKOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 4
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax: (253) 798-6713

*In re Castillo,* 297 F.3d 940, 947 (C.A.9 (Cal.),2002) (citing *Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).  "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, *Forrester,* 484 U.S. at 227-28, 108 S.Ct. 538, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'"  *Id.* (quoting, *Stump v. Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). *Forrester,* 484 U.S. at 225, 108 S.Ct. 538.  "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review."  *Forrester*, *Id.* at 227, 108 S.Ct. 538.

Although unfairness and injustice to a litigant may occasionally result, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872).  *See also Demery v. Kupperman*, where the court held that "the advancement of broader public policies sometimes requires concededly tortuous conduct, no matter how reprehensible, go unremedied, at least by means of a civil action for damages." *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984); *See also Pierson v. Ray*, 386 U.S. 547, 554 ("Immunity applies even when the judge is accused of acting maliciously and corruptly").  The scope of immunity is construed broadly.  *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).  Immunity is applicable regardless of whether the defendant is sued in his official or individual capacity.  *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995).

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 5
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

The basis of Plaintiff's cause of action is laid out in paragraphs 47 and 48 of Plaintiffs' First Amended Complaint as follows:

> 47.   Every time that Defendant Chushcoff acted as a judge in cause #05-3-00317-0, including conducting hearings and entering orders, he knew or should have known that department 4 did not nor could have cognizance over the King County court order.
>
> 48.   Each time that Defendant Chushcoff ordered a bench warrant to be issued for the arrest of Plaintiff Peggy Hutt, he knew or should have known that he had no legal authority to do so.

(First Amended Complaint at 5.)  Based on these factual assertions, Plaintiffs allege violation of several constitutional rights, along with State Tort Claims.  (First Amended Complaint at 7, paragraphs 60-62.)

Because at all times Judge Chushcoff acted with jurisdiction, he is entitled to judicial immunity and the Complaint against him must be dismissed.  In Plaintiffs' Complaint the issues of jurisdiction and venue are blurred.  An examination of the jurisdictional/venue statutes in Washington shows that the Court had both subject matter jurisdiction and venue in this matter.

"Venue and jurisdiction are distinct concepts.  Subject matter jurisdiction typically refers to the authority of a court to act and does not depend on procedural rules."  *Zdi Gaming, Inc. v. Wa State Gambling Commission*, Slip. Op. 367751-3 at (Div. II  8/25/09) (citing *Doughtery v. Dep't of Labor & Ind.,*  150 Wn.2d 310, 315, 76 P.3d 1183 (2003).

Washington Superior Courts have general jurisdiction and lack subject matter jurisdiction only "under compelling circumstances, such as when it is explicitly limited by the Legislature or Congress."  *In re Marriage of Owen & Phillips*, 126 Wn.App. 487, 494, 108 P.3d 824 (2005) (quoting *In re Marriage of Major*, 71 Wn.App. 531, 534, 859 P.2d 1262

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY CLARK, AND PIERCE COUNTY ONLY - 6
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

(1993), *rev. denied*, 137 Wn.2d 1023, 980 P.2d 1282 (1999); *See Also Washington State*

*Constitution Article IV, §6.*[1]

Washington courts have cautioned against the misuse of the phrase "jurisdiction":

Courts do not lose subject matter jurisdiction merely by interpreting the law erroneously.  If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.  To do so would erode a fundamental concept of our jurisprudence-that courts have broad powers to hear all manner of controversies unless explicitly limited.

*In re Marriage of Major*, 71 Wash.App. 531, 535, 859 P.2d 1262, 1265 (Wash.App. Div. 1,1993).

RCW 26.12.190 confers jurisdiction to the "family court"[2] to hear all domestic

relation matters, including child support and contempt hearings.  RCW 26.28.040 outlines the

procedures for commencing an action to enforce a "duty of support" and also assigns venue:

(1)  A proceeding to enforce a duty of support or maintenance is commenced:

(a)  By filing a petition for an original action; or

(b)  By motion in an existing action or under an existing cause number.

(2)  Venue for the action is in the superior court of the county where the dependent child resides or is present, where the obligor or obligee resides, or where the prior support or maintenance order was entered.  The petition or motion may be filed by the obligee, the state, or any agency providing care or support to the dependent child.  A filing fee shall not be assessed in cases brought on behalf of the state of Washington.

---

[1] *Article IV, §6* provides "the superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."
[2] RCW 26.12.010 provides:
**Jurisdiction conferred on superior court--Family court proceeding defined**
Each superior court shall exercise the jurisdiction conferred by this chapter and while sitting in the exercise of such jurisdiction shall be known and referred to as the "family court." A family court proceeding under this chapter is: (1) Any proceeding under this title or any proceeding in which the family court is requested to adjudicate or enforce the rights of the parties or their children regarding the determination or modification of parenting plans, child custody, visitation, or support, or the distribution of property or obligations, or (2) concurrent with the juvenile court, any proceeding under Title 13 or chapter 28A.225 RCW.

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 7
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax: (253) 798-6713

(3) The court retains continuing jurisdiction under this chapter until all duties of either support or maintenance, or both, of the obligor, including arrearages, have been satisfied.

RCW 26.18.040.

Thus, as the above statutes outline, the Pierce County Superior Court had proper subject matter jurisdiction over the enforcement of child support and to initiate a contempt proceeding.  This could be done by either proceeding under the original action entered in King County or by filing a petition for an original action under RCW 26.18.040(1)(a), which was the course taken here.  Venue was proper in Pierce County under RCW 26.18.040(2) as it was initiated in the county where the obligor resides.  (*See* First Amended Complaint, Attachment A – Note for Commissioner's Calendar.)

Having satisfied that Judge Chushcoff was properly cloaked with jurisdiction and that the matter was held in the proper venue, Plaintiffs' claim alleging that Judge Chushcoff violated Peggy Hutt's constitutional rights must be dismissed as Judge Chushcoff enjoys absolute immunity from his exercise of a judicial authority in this matter.  *See Meek v. County of Riverside,* 183 F.3d 962, 967 (C.A.9 (Cal.), 1999); *Burns v. Reed,* 500 U.S. 478, 492, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (issuance of a search warrant is unquestionably a judicial act); *See* a*lso Ireland v. Tunis,* 113 F.3d 1435 (6th Cir.1997) (issuance of an arrest warrant is a judicial act).  At all times Judge Chushcoff had jurisdiction to enter orders regarding child support and to issue warrants.  *See* RCW 26.12.190, 26.18.050 (4)(5).  Judge Chushcoff seeks dismissal of all causes of action alleged to have occurred in both his official and individual capacity based on judicial immunity.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.E.2d 114 (1985) (outlining the differences between personal and official capacity actions and finding that "in an official-capacity action . . . for a governmental entity is liable

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY CLARK, AND PIERCE COUNTY ONLY - 8
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

under § 1983 only when the entity itself is a "'moving force'" behind the deprivation); *See also* Argument *Infra* Conspiracy §D; s*ee also* Dismissal Against Pierce County §E *Infra*.

## B.      PROSECUTORS RICHARDSON AND HULTMAN ARE ENTITLED TO ABSOLUTE IMMUNITY.

In *Ashelman v. Pope*, the court held that "prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority.  *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).  The policies in support of immunity are promoted when immunity is "freely granted and the exceptions are few and narrowly drawn."  *Id.*  Even if the prosecuting attorney acted with malice and without probable cause, where the attorney was acting in regard to the control or supervision of his office, he is protected under prosecutorial immunity.  *Anderson v. Manley*, 181 Wash. 327 (1935).  In *Imbler v. Pachtman*, the United States Supreme Court confirmed that prosecutors are absolutely immune from damages due to liability for their advocacy related to a criminal proceeding because those activities are "intimately associated with the judicial phase of the criminal processes."  Further, the court recognized:

> . . . this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.  But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest; it would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

*Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); s*ee also Kauffman v. Moss*, 420 F.2d 1270 (3rd Cir.) *cert denied*, 400 U.S. 846 (1970), dismissal of district attorney upheld for failure to state a claim when he was accused of using perjured testimony to convict plaintiff of a crime).

Attorneys working for the state are absolutely immune against suits for money damages under § 1983 for conduct that is "intimately associated with the judicial phase of the

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY CLARK, AND PIERCE COUNTY ONLY - 9
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

criminal process," *Imble*, 424 U.S. at 430, or the civil process, *Smith v. Power*, 346 F.3d 740, 742 (7th Cir.2003) (involving city attorney's commencement of civil proceedings for demolition of a building).[3]

Plaintiffs allege the following facts as the basis for the 42 U.S.C. § 1983 claims with respect to Defendants Richardson and Hultman:

45.    At the time Richardson signed and filed the documents in cause #05-3-00317-0 she knew or should have known that the proper jurisdiction for addressing any issues of contempt was King County Superior Court which was the court that entered the order.

46.    Defendant Hultman, at the time that he participated in cause #05-3-00317-0, also knew or should have known that the Pierce County Superior Court did not have cognizance over the court order

(First Amended Complaint at 5.)

As outlined *supra*, Pierce County was a court of proper jurisdiction, thus the only further inquiry is whether any of the actions of the prosecutors fell outside their duties as prosecutors.  *See Argument Supra §A, citing* RCW 26.18.040, 26.12.010, 26.12.190.

In Washington, "Prosecuting Attorneys" are "attorneys authorized by law to appear for and represent the state and the counties thereof in actions and proceedings before the courts

---

[3] *See also Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000) ("We agree that the prosecutors in this case may still be absolutely immune even though the alleged constitutional violations occurred when the officials were pursuing a civil action.  Indeed, as long as the prosecutors were functioning in an enforcement role and acting as advocates for the state in initiating and prosecuting judicial proceedings, they are entitled to an absolute immunity defense"); *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir.1991) (holding that prosecutor's initiation of an in rem civil proceeding for the forfeiture of criminal property was protected by absolute immunity, which "is extended to officials when their duties are functionally analogous to those of a prosecutor's, regardless of whether those duties are performed in the course of a civil or criminal action"); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489-90 (10th Cir.1991) (describing as "well established" that "absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings"); cf. *Butz v. Economou*, 438 U.S. 478, 515-16 (1978) (extending absolute immunity to federal agency attorneys who instituted administrative proceedings*); Light v. Haws*, 472 F.3d 74, 79 (3d Cir.2007) (recognizing that conduct of assistant counsel for the Pennsylvania DEP "in bringing . . . civil petitions against [the plaintiff] are precisely the type of actions that absolute immunity is designed to protect" but remanding for district court to sort out the nature of the claims*); Barrett v. United States*, 798 F.2d 565, 572 (2d Cir.1986) (extending the rationale of Butz to afford immunity for "the government attorney's initiation of civil litigation in a state or federal court").

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 10
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1

2

and judicial officers." RCW 36.27.005.  A prosecuting attorney may "appoint one or more

deputies who shall have the same power in all respect as their principal."  RCW 36.27.040.

3

4

RCW 36.27.020 outlines the duties of a prosecuting attorney, including the duty to:

5

6

(3)  Appear for and represent the state, county, and all school districts subject
to the supervisory control and direction of the attorney general in all criminal
and civil proceedings in which the state or the county or any school district in
the county may be a party;

7

8

9

(4)  Prosecute all criminal and civil actions in which the state or the county
may be a party, defend all suits brought against the state or the county, and
prosecute actions upon forfeited recognizances and bonds and actions for the
recovery of debts, fines, penalties, and forfeitures accruing to the state or the
county;

10

11

12

RCW 74.20.040 provides that the department of social and health services may

delegate its authority for collection of child support to the prosecuting attorney:

13

14

15

(4)  The department may take action to establish, enforce, and collect a support
obligation, including performing related services, under this chapter and
chapter 74.20A RCW, or through the attorney general **or prosecuting
attorney** for action under chapter 26.09, **26.18** [contempt/enforcement statute],
26.20, 26.21A, or 26.26 RCW or other appropriate statutes or the common law
of this state.

16

17

(Emphasis added).

These statutes confer authority on the prosecuting attorney or his appointees to enforce

18

19

support obligations.  An examination of the actions alleged here shows that both Defendant

Richardson and Defendant Hultman were acting within their authority.

20

21

**1.        Defendant Richardson's Actions**

22

The complaint alleges that Prosecutor Richardson initiated contempt proceedings

23

against Ms. Hutt under RCW 26.28.040.  (Complaint para. 11-12).  As outlined above, this is

24

clearly within her role as prosecutor.  After King County entered the original support order,

25

DSHS via the prosecuting attorney, could motion the Court for contempt proceedings or

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 11
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

bench warrants for failure to appear.  *See* RCW 26.18.040, 26.12.010, 26.12.190.  Plaintiffs do not allege how Prosecutor Richardson acted outside her role other than the conclusory statement that she knew there was no jurisdiction.  Having established jurisdiction, and that no other alleged irregularity occurred outside her role as prosecutor, Richardson is entitled to absolute immunity in both her official and individual capacities and dismissal of all claims against her.  *See Argument Infra* Conspiracy §D, *See Also Kentucky v. Graham*, 473 U.S. at 166.

### 2. Defendant Hultman's Actions

The only three factual acts alleged in the complaint against Prosecutor Hultman is the act of taking the order authorizing issuance of a bench warrant and obtaining a bench warrant from a Deputy Clerk (First Amended Complaint at para. 19), the filing of documents to obtain a second bench warrant, obtaining a second bench warrant, and ultimately quashing the second warrant.  (First Amended Complaint at para. 40-43)

It was only the issuance of the first warrant that resulted in any deprivation of liberty. With respect to the first warrant, the only action alleged is that Prosecutor Hultman "took the order authorizing bench warrant to the Pierce County Clerk's Office where he proceeded to obtain a bench warrant from a deputy clerk." (First Amended Complaint at para. 19.)  For this action, Hultman is entitled to complete immunity.  Prosecutors receive absolute immunity for the preparing and filing of an information and a motion for an arrest warrant, *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).  Again, as outlined above, Prosecutor Hultman was acting squarely within his defined role as Deputy Prosecuting Attorney when taking each of these actions and did so with proper jurisdiction of the Court. RCW 26.18.040, 26.12.010, 26.12.190.

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 12
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

As to the obtaining of the second warrant, the prosecutor is also entitled to absolute immunity under *Kalina*, because this constitutes "preparing and filing an information and motion for an arrest warrant."  522 U.S. at 129.  Even if assuming for the sake of argument the allegation was that Mr. Hultman was a complaining witness, he would still be entitled to qualified immunity.  *See Kalina*, 522 U.S. at 130-31 (a prosecutor only receives qualified immunity for acting as a complaining witness in support of a warrant application); *See Qualified Immunity Law Infra at* Sec. C.  Plaintiffs cannot point to anything in the record that supports that any statements the Prosecutor made with respect to application for the second warrant violated a constitutional right and qualified immunity is appropriate.

Because these actions were performed as part of his official duty as Prosecutor, dismissing of all claims, both in his individual and official capacity, is required.  *See Argument Infra* Conspiracy §D; *See Also Kentucky v. Graham*, 473 U.S. at 166.

## C.   DEFENDANTS HALSEY AND CLARK ARE ENTITLED TO QUALIFIED IMMUNITY AS TO FEDERAL CLAIMS

A motion to dismiss based on qualified immunity is properly brought in a 12(b)(6) motion.  The United States Supreme Court has emphasized "the importance of resolving immunity questions at *the earliest possible stage* in litigation."  *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (emphasis added).

"When deciding whether a public official is immune from liability for acts performed in [his] official capacity, qualified immunity is the general rule," and is required where an official's conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Mabe v. San Bernardino County*, 237 F.3d 1101, 1106 (9th Cir. Cal. 2001); *Harlow*, 457 U.S. at 818.  The issue then is a "purely legal" one. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  Indeed, there is a presumption in favor

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 13
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax: (253) 798-6713

1    of immunity for officials acting in their individual capacities, and "the plaintiff bears the

2    burden of proving that the defendants violated a law that was clearly established." *Hidahl v.*

3    *Gilpin County DSS*, 938 F.2d 1150, 1155 (10th Cir. 1991); *Lenz v. Dewey*, 64 F.3d 547, 550

4    (10th Cir. 1995).  To overcome this immunity a plaintiff must do more "than identify a clearly

5    established legal test and then allege that the defendant has violated it" but "must demonstrate

6    a substantial correspondence between the conduct in question and prior law allegedly

7    establishing that the defendant's actions were clearly prohibited." *Hannula v. City of*

8    *Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990).  Such an analysis "must be undertaken in light

9    of the specific context of the case, not as a broad general proposition," *Saucier v. Katz*, 533

10   U.S. 194, 201 (2001).

11

12        The Supreme Court has established a two-part analysis for determining whether

13   qualified immunity is appropriate in a suit against a government official for an alleged

14   violation of a constitutional right.  *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir. 2004)

15   (citing *Saucier v. Katz,* 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001)).

16   Courts must examine (1) whether the government official violated the plaintiff's constitutional

17   rights on the facts alleged and (2) if there was a violation, whether the constitutional rights

18   were clearly established.  *Id.*  As to the first inquiry, where "no constitutional right would

19   have been violated were the allegations established, there is no necessity for further inquires

20   concerning qualified immunity." *Saucier*, 533 U.S. at 201.  As to the second inquiry, if the

21   law did not put the government official on notice that his conduct would be clearly unlawful,

22   summary judgment based on qualified immunity is appropriate.  *Id.* at 202.

23

24        However, the United States Supreme Court has clarified that a trial court is not

25   required to conduct the first portion of the two-part *Saucier* test and that "the judges of the

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 14
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax: (253) 798-6713

district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. at 818.

### 1.      Execution of Warrant

Here, Plaintiff cannot show that Defendants violated any clearly established constitutional right.  The authority of arrest warrants was analyzed by the Ninth Circuit the year this incident occurred, and the court held that police possessing a valid bench warrant for the arrest of a person may enter that person's residence to execute the warrant. *United States v. Gooch*, 506 F.3d 1156, 1157 (2007).  In *Gooch* a warrant was issued for failure to appear at a hearing to revoke Conn's  probation on a misdemeanor charge.  506 F.3d 1157.  Officers entered Conn's residence without consent to arrest Conn.  During the search of the home belonging to Conn and Gooch they located drug paraphernalia in plain view and officers later obtained a search warrant for the residence. *Id.* at 1157-58.  Gooch moved to suppress the evidence seized arguing that the misdemeanor warrant for failure to appear did not allow entry into the home. *Id.* At 1158.  But the court rejected this argument and declined to find that the authority of a warrant differed based on the type of arrest warrant issued because all arrest warrants are embodied with the same probable cause and carry with it the same authority of law:  "an arrest warrant founded on probable cause implicitly carried with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Gooch*, 506 F.3d 1158 (citing *Payton v. New York*, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).  The court concluded that privacy interests are "sufficiently safeguarded when an entry is premised on the execution of a valid arrest warrant issued by a judge or magistrate, regardless of whether that warrant is for a felony, a

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 15
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

misdemeanor, or simply a bench warrant for failure to appear."  306 F.3d at 1159.  While the

Plaintiffs in this case may have an argument that there was a violation of State[4] law, a § 1983

claim must be based on a violation of clearly established federal right.  42 U.S.C. § 1983 does

not provide a cause of action for violations of state law or state constitutional rights.  *Ybarra*

*v. Bastian*, 647 F.2d 891, 892 (9th Cir.1981).

Here, officers were armed with an arrest warrant which carried with it the authority to

enter the home to arrest Ms. Hutt.  Plaintiffs have failed to put forth such a claim, the officers

are entitled to qualified immunity, and all claims, both personally and in their official

capacity, must be dismissed.  *See Kentucky v. Graham*, 473 U.S. at 166.

**2.      Use of Force**

An excessive force claim is properly evaluated under the Fourth Amendment standard

only.  *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Today we make explicit . . . and hold

that all claims that law enforcement officers have used excessive force . . . should be analyzed

under the Fourth Amendment and its 'reasonableness' standard, rather than under a

'substantive due process' approach").

"In Fourth Amendment unreasonable force cases, unlike in other cases, the qualified

immunity inquiry is the same as the inquiry made on the merits."  *Hopkins v. Andaya*, 958

F.2d 881, 885 n. 3 (9th Cir.1992).  Although reasonableness traditionally is a question of fact

for the jury, see, e.g., *White v. Pierce County*, 797 F.2d 812, 816 (9th Cir.1986); Akhil R.

Amar, The Bill of Rights as a Constitution, 100 Yale L.J. 1131, 1179 (1991), defendants are

still entitled to dismissal of the complaint if after resolving all factual disputes in favor of the

---

[4] *See State v. Thompson*, 151 Wn.2d 793, 92 P.3d 228 (2004) (addressing whether Washington's "knock and wait" statute allows entry into the home to serve a civil arrest warrant).

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 16
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

plaintiff, a court can concluded that the officer's use of force was objectively reasonable under the circumstances. *See Scott v. Henrich*, 39 F.3d 912, 914 -915 (C.A.9 (Wash.) 1994).

To determine whether a specific use of force was reasonable, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham* at 396, 109 S.Ct. 1865 (internal quotation marks omitted).  Relevant factors to this inquiry include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.  When appropriate, the reasonableness determination must also make "allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, not 20/20 hindsight.  It is a standard of the moment as police officers are often forced to make split-second judgments in tense, uncertain, and rapidly evolving circumstances.  See *Graham*, 490 U.S. at 397, 109 S.Ct. 1865; *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir.1993).  Neither tackling nor punching a suspect to make an arrest necessarily constitutes excessive force.  *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers . . . violates the Fourth Amendment") (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHKOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 17
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Here, based on the face of the pleadings, there is no clear violation of a constitutional right because excessive force was not used and therefore the Deputies are again qualifiedly immune from suit.  The complaint alleges that in service of the warrant the officers used the following force:

22.   When Plaintiff Lawrence Hutt recognized Defendants Clark and Halsey as sheriff's deputies, Plaintiff stepped out of his apartment while pulling the door shut behind him.

23.   Defendants Clark and Halsey immediately moved to prevent Plaintiff Lawrence Hutt from closing the door with one grabbing Plaintiff's hand and the other grabbing Plaintiff's arm.

24.   By using their combined weight and simultaneously pulling on Plaintiff's arm, Defendants Clark and Halsey succeeded in forcing Plaintiff to release his grip on the door latch.

25.   As soon as Plaintiff lost his grip on the door latch, one of the deputy sheriff Defendants entered the apartment while the other deputy sheriff Defendant continued to hold Plaintiff's forearm while using his body to block Plaintiff from entering his apartment.

(First Amended Complaint at 3.)

The above alleged facts, taken as true, support that the officers simply removed Mr. Hutt's hand from the door and prevented him from further interference with the execution of the arrest warrant.  There is no allegation of an injury that resulted from this exchange, use of a weapon, or intimidation.  An allegation of *de minimis* discomfort will support an excessive force claim.  *See Robles v. Prince George's County*, 302 F.3d 262, 270 (4th Cir. 2002) (claims for excessive force under 42 U.S.C. § 1983 not cognizable where plaintiff claims no or *de minimis* injury).

Examining the *Graham* factors, the use of force here was reasonable.  The basis of the warrant, a civil arrest warrant for failure to pay child support, dictates at the outset that the amount of force used must be minimal in order to effectuate the arrest.  And while there is

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 18
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

nothing in the record to support that there was any threat to safety, there is evidence in the complaint that Mr. Hutt attempted to prevent serving of the warrant.  This action allowed the officers to use minimal intrusiveness to gain entry into the home.  The officers did so by removing Mr. Hutt's hand from the door knob and holding him at bay while Mrs. Hutt was located.  Objectively viewed, there was nothing unreasonable about this course of action.

As persuasive authority the Defendants would point the Court to *Smith v. Tolley*, 960 F.Supp. 977 (E.D. Va. 1997).  In *Tolley* claimant husband also brought a § 1983 cause of action against police officers who entered his home on a misdemeanor warrant to arrest his wife.  *Id.*  The facts in *Tolley* are fairly similar to the case at bar:  officers arrived with an arrest warrant and upon seeing the officers Smith confronted the officers and informed them they were crossing "no trespassing" signs.  906 F.Supp. at 982.  As officers tried to enter the home Mr. Smith moved inside the open front door and attempted to close the door in the officer's face.  906 F.Supp. at 983.  However, the officer prevented the door from closing and pushed the door open and stepped inside.  *Id.*  Smith berated Tolley for violating the Constitution and Tolley arrested Smith for obstruction of justice and handcuffed him.  *Id.*  The trial court granted the motion for summary judgment based on qualified immunity of the officers.  960 F.Supp. 995.  At the center of the court's analysis was that the officers were armed with an arrest warrant:

> In this case . . . [Officer] Tolley possessed an *arrest warrant*, which, as discussed above, lawfully entitled him to enter the Smiths' home to effectuate service.  The warrant, therefore, gave Tolley the authority to prevent both Smith from exercising his right to privacy in his home.

960 F.Supp. at 995.

In the instant case officers had an arrest warrant for Mr. Hutt's wife.  In an attempt to serve that warrant the officers knocked on the door and Mr. Hutt opened the door, only to

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHKOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 19
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1   attempt to close it in their face.  Officers then used what minimal force was necessary to

2   reopen the door and arrest Mrs. Hutt.  Based on the face of the pleadings, there was no

3   constitutional violation and dismissal for qualified immunity for both officers, on both a

4   private and official capacity is appropriate at this time.  *See Infra* Conspiracy §D; *Kentucky v.*

5   *Graham*, 473 U.S. at 166.

6

7   **D.   DEFENDANTS DID NOT ENTER INTO A CONSPIRACY TO**
    **VIOLATE 42 U.S.C. § 1983**

8        Additionally, all Defendants are accused of conspiring with other Defendants to

9   deprive Plaintiffs of their constitutional rights.  (See Plaintiff's Complaint, p. 7, paragraph 62.)

10  There is no factual pleading to support this claim, including any alleged conspiracy to perform

11  a strip search and this claim should be dismissed against all defendants.

12       Before a conspiracy claim can be sustained, a plaintiff must put in evidence of a

13  meeting of the minds by the so-called conspirators.  *See Mendocino Envtl. Center v.*

14  *Mendocino County*, 192 F.3d 1283, 1301 (9th Cir.1999).  The evidence adduced must

15  demonstrate more than the mere fact that two people did or said the same thing; the evidence

16  must actually point to an agreement.  *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998);

17  *Ting v. United States*, 927 F.2d 1504, 1512-13 (9th Cir.1991).

18       Here, Plaintiffs fail to put forth any evidence of an agreement, meeting of the minds,

19  or any form of conspiracy to violate any constitutional rights between the named defendants.

20  Nor have plaintiffs identified the violation of any constitutional rights.  As such, Plaintiffs

21  have failed to state a claim, and the conspiracy must be dismissed.

22       Even if there were facts pleading any alleged conspiracy, all Defendants are still

23  entitled to immunity.  *See Argument Supra*; *See Also Ashelman v. Pope*, 793 F.2d 1072 (9th

24  Cir. 1986) (a conspiracy between a judge and prosecutor to determine the outcome of a

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

judicial proceeding does not deprive the prosecutor or judge of immunity).  With respect to the argument of liability of the County for a conspiracy, there is no evidence of a policy or custom to conspire to deprive such rights, and the action must be dismissed.  *See Argument Infra* at Section E.

**E.    THIS COURT SHOULD ALSO DISMISS THE CLAIMS AGAINST PIERCE COUNTY WHERE THERE IS NO SHOWING OF A CONSTITUTIONAL VIOLATION**

Plaintiff also names Pierce County and the government officials acting in their official capacities in this suit.  The County asks that all federal claims be dismissed pursuant to 12(b)(6), with the exception of the strip search claim, for the same reasons as outlined above against the individual defendants.  Because Plaintiffs have failed to establish a constitutional violation on the part of the individual actors, there can be no remaining claim against the Pierce County Jail.  *See Argument Supra*.

Municipalities are "persons" under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation.  *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).  A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents – a *respondeat superior* theory, however.  *Id.* at 694.  Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.  *Id.*  A policy is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Fairley v. Luman,* 281 F.3d 913, 918 (9th Cir.2002) (per curiam) (citing *Oviatt v. Pearce,* 954 F.2d 1470, 1477 (9th Cir.1992)) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).  A

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 21
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact. *See Canton,* 489 U.S. at 388, 109 S.Ct. 1197.  The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy. *Id.* at 390, 109 S.Ct. 1197.  In order to establish a § 1983 claim against a municipality, Plaintiff must:

> (1) Identify a specific policy or custom; (2) demonstrate that the policy was sanctioned by the official or officials responsible for making policy in that area of the city's business; (3) demonstrate a constitutional deprivation; and (4) establish a causal connection between the custom or policy and the constitutional deprivation.  [Citations omitted.]  Lack of proof on any of the above elements would require dismissal of the action.  [Citation omitted.]

*Baldwin*, 55 Wn.App. 241, 248 (1989) (emphasis added). *See also Praprotnick*, 485 U.S. 112, 123 (1988).

Here, because the individual actors did not violate Plaintiffs' constitutional rights as argued above, then the municipality liability must fall away. *See Dillberg v. County of Kitsap*, 76 Fed. Appx 792, 296-97 (2003) (dismissing § 1983 claim against County after finding that individual state actors were qualifiedly immune where they did not violate a constitutional right).  Plaintiffs have also failed to identify any policy or custom that would result in a deprivation of rights, and for that reason they have also failed to state a claim and dismissal is appropriate at this time.

F.      **THERE WAS NO CONSTITUTIONAL VIOLATION FOR ALLEGED DELAY IN BEING BROUGHT TO COURT**

When a defendant challenges the timeliness of being brought before a judge or

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 22
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

magistrate following arrest the issue is the Fourth Amendment's[5] requirement of "a timely judicial determination of probable cause as a prerequisite to detention." *People v. Rutterschmidt* 98 Cal.Rptr.3d 390, 415 -416 (Cal.App. 2 Dist.,2009) *quoting Gerstein v. Pugh* (1975) 420 U.S. 103, 126, 95 S.Ct. 854, 43 L.Ed.2d 54 (Gerstein ).)  However, in Gerstein, the high court "stopped short of holding that jurisdictions were constitutionally compelled to provide a probable cause hearing immediately upon taking a suspect into custody and completing booking procedures." *Id.* (*quoting County of Riverside v. McLaughlin*, 500 U.S. 44, 53, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)).  "The Supreme Court held that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." *McLaughlin*, supra, 500 U.S. at p. 56, 111 S.Ct. 1661.  However, "the Gerstein/McLaughlin line of cases responds to constitutional concerns present in warrantless arrests." *Rutterschmidt*, 98 Cal.Rpotr.3d 290 at 416.  Persons who are arrested under a warrant would have received a prior judicial determination of probable cause." *Gerbstein, supra*. at p. 118, fn. 18, 95 S.Ct. 854.  In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986).

Here, Plaintiff was arrested on warrant on May 7, 2007 (Exhibit A – Bench Warrant), and appeared in court on May 8, 2007 at 2:23 p.m. where bail was set at $1,000 (Exhibit B – Memorandum of Journal Entry).  Because she was arrested on a facially valid warrant and there was a bail hearing within 24 hours, no Fourth Amendment violation occurred.  Given

---

[5] Plaintiffs' claim also cites to violation of the "Fouteenth Amendment." (Complaint at para. 62).  Defendants assume this applies to the argument regarding detention under the Fourth Amendment and thus this claim should also fall away.

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHKOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 23
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

that there was no constitutional violation on the face of the pleadings, plaintiff has failed to state a claim, and the matter must be dismissed.  Further, all Defendants are entitled to immunity where there is no showing of a constitutional violation, and the County as an entity may not be pursued as there if there is no violation of a right, there can be no policy or custom to violate such a right.

## IV.    CONCLUSION

The Defendants have met their burden of establishing that Plaintiffs fail to state a claim based on the allegations in the complaint.  Defendants Richardson, Hultman, and Judge Chuschoff, Deputy Halsey and Deputy Clark therefore seek dismissal based on their immunity for all federal claims.  Defendant County also seeks dismissal of all federal claims, with the exception of the allegation of violation of federal constitution rights based on the strip search as there are still disputed facts with respect to this claim.

Respectfully submitted this 17th day of September, 2009.

s/ MICHELLE LUNA-GREEN
MICHELLE LUNA-GREEN
State Bar Number 27088
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA  98402-2160
Ph: 253-798-6380 / Fax: 253-798-6713
E-mail: mluna@co.pierce.wa.us

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 24
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

## CERTIFICATE OF SERVICE

On September 17, 2009, I hereby certify to the following:

☒     I electronically filed the foregoing DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY CLARK, AND PIERCE COUNTY ONLY AND PROPOSED ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Peggy Hutt: pgroup@avvanta.com, sweetp@avvanta.com.

☒     I mailed by United States Postal Service, postage prepaid, the foregoing to the following non CM/ECF participants:  Lawrence Hutt, 12410 S.R. 302 KPN, GIG HARBOR, WA 98329.

s/ CHRISTINA M. SMITH
CHRISTINA M. SMITH
Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph:  253-798-7732 / Fax:  253-798-6713

DEFENDANTS' 12(B)(6) MOTION TO DISMISS AS TO DEFENDANTS
CHUSHCOFF, RICHARDSON, HULTMAN, DEPUTY HALSEY AND DEPUTY
CLARK, AND PIERCE COUNTY ONLY - 25
Hutt 12(b)(6) Motion.doc
USDC WAWD No C09-5271 BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

5/10/2007  00104

Case Number: 05-3-00317-0 Date: September 15, 2009
**SerialID: BFE6FBEA-F20F-6452-DE273BBB23F9C128**
Digitally Certified By: Kevin Stock Pierce County Clerk, Washington

RECEIVED/ENTERED



05-3-00317-0    27465296    SHRTBW    05-09-07

**CLEARED**

Date _____

# SUPERIOR COURT OF WASHINGTON
## COUNTY OF PIERCE

State of Washington on behalf of:
Jose Cordero Santiago

NO: 05 3 00317 0

**BENCH WARRANT**

F I L E D
IN COUNTY CLERK'S OFFICE

Petitioner

vs.

**(No Pattern Form Available)**

MAY 08 2007  P.M.
A.M.
PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
DEPUTY
BY

Margaret A Santiago
Mother

Jose Antonio Santiago
Father

Respondents

LKA - 10708 S. "A" St. # 207, Parkland WA 98444

TO ALL PEACE OFFICERS IN THE STATE OF WASHINGTON, GREETING:

WHEREAS, an Order of Court has been entered directing the Clerk of the Court to issue a warrant for the arrest of respondent, Margaret A Santiago, SEX Female; RACE White; EYES Blue; WEIGHT 160; HEIGHT 5'5; DATE OF BIRTH 07/17/1958; POLICE AGENCY WA02700; DATE OF VIOLATION 8/30/06;

You are hereby commanded to forthwith arrest **Margaret A Santiago** for failure to appear at a Show Cause/Contempt Review hearing and bring her/him into Court to be dealt with according to law. Bail is to be set in open Court.

Records Specialist _____

Employee # _____,

is signing for and at the direction of the
listed officer.

BENCH WARRANT
IVD# 1693624 (Rev 9/05)
Date: 5/2/07 Time: 14:53

Gerald A  Horne
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7444
(800)248-5130

EXHIBIT NO. _A_

Case Number: 05-3-00317-0  Date: September 15, 2009
**SerialID: BFE6FBEA-F20F-6452-DE273BBB23F9C128**
Digitally Certified By: Kevin Stock Pierce County Clerk, Washington

1  WITNESS THE HONORABLE Bryan Chushcoff

2  Court Commissioner of said Court and the seal thereof affixed.

3  This _____ day of _____.

4                    JUL - 7 2006 Clerk of the Superior Court

5                    By _____
                              DEPUTY

6  STATE OF WASHINGTON)
                       ) ss
7  COUNTY OF PIERCE    )

8  This is to certify that I received the within Bench Warrant on the ____ day of _____,
   20___, and by virtue thereof on the ____ day of _____, 20___, arrested the within named
9  respondent, Margaret A Santiago, and now have him/her in full custody.

10                          _____ 81015 PCSO
                            PEACE OFFICER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENCH WARRANT - 2
IVD# 1693624 (Rev 9/05)

Gerald A  Horne
Pierce County Prosecuting Attorney's Office
949 Court E
Tacoma WA 98402-5616
Family Support (253)798-7444
(800)248-5130

Case Number: 05-3-00317-0  Date: September 15, 2009
**SerialID: BFE6FBEA-F20F-6452-DE273BBB23F9C128**
Digitally Certified By: Kevin Stock Pierce County Clerk, Washington

State of Washington, County of Pierce ss: I, Kevin Stock, Clerk of the
aforementioned court do hereby certify that the document
**SerialID: BFE6FBEA-F20F-6452-DE273BBB23F9C128** containing 2 pages
plus this sheet, is a true and correct copy of the original that is of record in my
office and that this image of the original has been transmitted pursuant to
statutory authority under RCW 5.52.050. In Testimony whereof, I have
electronically certified and attached the Seal of said Court on this date.

Kevin Stock, Pierce County Clerk

By /S/Melissa Engler,  Deputy.
Dated: Sep 15, 2009 3:51 PM

**Instructions to recipient:** If you wish to verify the authenticity of the certified
document that was transmitted electronically by the Court, sign on to:
https://www.co.pierce.wa.us/cfapps/secure/linx/courtfiling/certifieddocumentview.cfm,
enter **SerialID: BFE6FBEA-F20F-6452-DE273BBB23F9C128**.
The copy associated with this number will be displayed by the Court.



05-3-00317-0    27465309    CME    05-09-07

Case Number: 05-3-00317-0 Date: September 15, 2009
SerialID: BFE6F5B1-F20F-6452-DB933A0D73B4A9D3
Digitally Certified By: Kevin Stock Pierce County Clerk, Washington

**COURT OF THE STATE OF WASHINGTON**
**AND FOR PIERCE COUNTY**

FILED
IN OPEN COURT

MAY 0 8 2007

PIERCE COUNTY, Clerk
By
DEPUTY

STATE OF WASHINGTON

Petitioner(s),

vs.

MARGARET A SANTIAGO

Respondent(s)

No. 05-3-00317-0

**Memorandum of Journal Entry**

[ ] Contempt
[ ] Paternity
(ADM08)

**IN CUSTODY**

Case called in open court at ___2:23___ a.m/p.m

State's Attorney ___C. Huttman___

Mother did [ X] did not [ ] appear. ___in Custody, S+T___

Attorney for Mother _____

Alleged Father did [ ] did not [ X] appear. _____

Attorney for alleged Father _____

Guardian Ad Litem _____

[ ] Default Entered   [ ] Summary Judgment Entered   [ ] Formal Proof Entered

[ ] Dismissal entered as to _____

[ ] Blood Test/Genetic Test Ordered _____

[ ] Failed to Appear for Blood/Genetic Test _____

[ ] G A L Appointed _____

[ X] Contempt ___Continued to Friday 5/11/07___
___referred to DAC.___

**Bench Warrant:** [ ] Granted [ ] hold ___ weeks.   [ ] Quashed
[ X] Other: ___Bail set #1,000—___

**May 8, 2007  1:30 PM**                    **Contempt Confirm Not Required**

H. EDWARD HAARMANN

Clerk: Sarah Boger

Courtroom number: 264

Calendar: C3 - PATERNITY/CONTEMPT

Run date/time 05/08/07 11:35
lxcrtrpl.pbl d_journal_entry_paterni_contpt_report

EXHIBIT NO. B

Case Number: 05-3-00317-0  Date: September 15, 2009
**SerialID: BFE6F5B1-F20F-6452-DB933A0D73B4A9D3**
Digitally Certified By: Kevin Stock Pierce County Clerk, Washington

State of Washington, County of Pierce ss: I, Kevin Stock, Clerk of the
aforementioned court do hereby certify that the document
**SerialID: BFE6F5B1-F20F-6452-DB933A0D73B4A9D3** containing 1 pages
plus this sheet, is a true and correct copy of the original that is of record in my
office and that this image of the original has been transmitted pursuant to
statutory authority under RCW 5.52.050. In Testimony whereof, I have
electronically certified and attached the Seal of said Court on this date.

Kevin Stock, Pierce County Clerk

By /S/Melissa Engler,  Deputy.
Dated: Sep 15, 2009 3:51 PM

**Instructions to recipient:** If you wish to verify the authenticity of the certified
document that was transmitted electronically by the Court, sign on to:
https://www.co.pierce.wa.us/cfapps/secure/linx/courtfiling/certifieddocumentview.cfm,
enter **SerialID: BFE6F5B1-F20F-6452-DB933A0D73B4A9D3**.
The copy associated with this number will be displayed by the Court.