UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE HUTT and PEGGY HUTT, husband and wife and their marital community,

Plaintiffs,

v.

PIERCE COUNTY, a political subdivision of the State of Washington, et al.,

Defendants.

CASE NO. C09-5271BHS

ORDER DENYING PLAINTIFFS' JOINT MOTION FOR DEFAULT, GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFFS' MOTION FOR SANCTIONS, DENYING PLAINTIFFS' MOTION TO QUASH, AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SURREPLY

This matter comes before the Court on Plaintiffs' joint motion for default (Dkt. 11), Defendants' motion to dismiss (Dkt. 24), Plaintiffs' motion for sanctions (Dkt. 25), Plaintiffs' motion to quash (Dkt. 26), and Defendants' motion to strike Plaintiffs' surreply (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file. The Court hereby grants the motion to dismiss and the motion to strike and denies the motion for default, the motion for sanctions, and the motion to quash for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On May 14, 2009, Plaintiffs Lawrence and Peggy Hutt filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. 6. On July 18, 2009, Plaintiffs filed an Amended Complaint against Defendants Pierce County, Pierce County prosecutors Sarah Richardson and Carl Hultman, Pierce County Superior Court Judge Bryan Chushcoff, and Pierce County Sheriff's deputies John Doe Clark and John Doe Halsey. Dkt. 10 ("Complaint").

On August 17, 2009, Plaintiffs filed a joint motion for default. Dkt. 11.

On September 17, 2009, Defendants filed a motion to dismiss. Dkt. 24. On October 7, 2009, Plaintiffs responded. Dkt. 27. On October 9, 2009, Defendants replied. Dkt. 28. On October 13, 2009, Plaintiffs filed a surreply. Dkt. 30. On October 13, 2009, Defendant filed a motion to strike Plaintiffs' surreply. Dkt. 31.

On October 7, 2009, Plaintiffs filed a motion for sanctions (Dkt. 25) and a motion to quash (Dkt. 26). On October 9, 2009, Defendants responded. Dkt. 29. On October 14, 2009, Plaintiffs replied. Dkt. 32.

## II. FACTUAL BACKGROUND

On February 8, 2005, Defendant prosecutor Richardson filed a "Motion/ Declaration for an Order to Show Cause Re Contempt" against Margaret Santiago, a.k.a. Peggy Hutt, for failure to pay child support based on an order of support entered on March 27, 2003, in King County. Dkt. 10 at 13. On February 8, 2005, an Order to Show Cause Re Contempt was entered directing Plaintiff Peggy Hutt to appear in Pierce County Superior Court in this matter and warning that failure to appear in the matter may result in a bench warrant. *Id*. at 11-12.

Out of this action, Judge Chushcoff signed an order of contempt and an order authorizing a bench warrant against Mrs. Hutt. Dkt. 10, ¶ 19. On May 7, 2007, deputies Clark and Halsey attempted to serve the warrant by going to Mrs. Hutt's residence and knocking on the door. *Id*. ¶ 20. Mr. Hutt answered the door, and then attempted to pull

1  the door shut behind him. *Id.* ¶ 22. The deputies removed Mr. Hutt's hand from the door,
2  and as Mr. Hutt lost his grip on the door, one of the deputies entered the home and
3  arrested Mrs. Hutt. *Id.* ¶¶ 24-26. The other deputy continued to hold Mr. Hutt's forearm
4  while using his body to block Mr. Hutt from entering the home. *Id.*

After the arrest, Mrs. Hutt was booked into Pierce County Jail on the warrant and alleges that she was strip-searched. *Id.* ¶¶ 24-35. On May 8, 2007, she appeared in court and bail was set at $1,000. Dkt. 30, Exh. B.

On June 22, 2007, prosecutor Hultman filed documentation for a second bench warrant to be issued for Mrs. Hutt. Dkt. 10, ¶ 40. A bench warrant was issued by Judge Chushcoff and ultimately quashed on February 9, 2009. *Id.* ¶¶ 41-43. Plaintiffs now bring this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 62. Plaintiffs also bring several tort claims under state law. *Id.* ¶¶ 60-61.

### III. DISCUSSION

**A. Motion for Default**

The clerk shall enter a default against a party that "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). In this case, Defendants have acted with an intent to defend this action by appearing and filing a motion to dismiss. Therefore, the Court denies Plaintiffs' Motion for Default.

**B. Motion for Sanctions**

Plaintiffs argue that defense counsel, the Pierce County prosecuting attorney, may not represent all of the Defendants in this matter. Dkt. 25 at 1-2. Plaintiffs have failed to identify a conflict of interest between any Defendant. Plaintiffs' arguments are wholly without merit. Therefore, the Court denies Plaintiffs' motion for sanctions.

**C. Motion to Quash**

Plaintiffs "move the Court to quash the Appearance of attorney Michelle Luna-Green that she made on behalf of the following defendants: (a) John Doe Clark; (b)

1 John Doe Halsey; (c) Bryan Chushcoff; (d) Carl Hultman; [and] (e) Sarah Richardson."
Dkt. 26 at 1. Plaintiffs' arguments are premised on the proposition that defense counsel may not represent all of the Defendants in this action. Plaintiffs' arguments are wholly without merit. Therefore, the Court denies Plaintiffs' motion to quash.

**D. Motion to Strike**

Defendants move to strike Plaintiffs' surreply. A party may file a surreply only "for requests to strike material contained in or attached to a reply brief . . . ." Local Rule CR 7(g). In this case, Plaintiffs filed a seven-page surreply that included new law and arguments regarding the merits of Defendants' motion to dismiss. Therefore, the Court grants Defendants' motion to strike because Plaintiffs' brief violates the local rule.

**E. Motion to Dismiss**

Defendants move the Court to dismiss all of Plaintiffs' federal claims except for the claim under the Eight Amendment that is based on the factual allegation of a strip- search. Dkt. 24 at 3.

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**1.     Absolute Judicial Immunity**

Defendants argue that Plaintiffs' claims against Judge Chushcoff should be dismissed because Judge Chushcoff is entitled to absolute judicial immunity. Dkt. 24 at 4-9. The Court agrees. It has long been recognized that

> absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'

*In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 227-28 (1988), and *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)) (internal citations omitted).

In this case, Plaintiffs allege as follows:

> Every time that Defendant Chushcoff acted as a judge in cause # 05-3-00317-0, including conducting hearings and entering orders, he knew or should have known that Department 4 did not nor could have cognizance over the King County court order.
> Each time that Defendant Chushcoff ordered a bench warrant to be issued for the arrest of Plaintiff Peggy Hutt, he knew or should have known that he had no legal authority to do so.

Complaint, ¶¶ 47-48. Contrary to Plaintiffs' allegations, Judge Chushcoff had jurisdiction over the action for the enforcement of failure to pay child support and to initiate a contempt proceeding. *See* RCW 26.18.040. Therefore, Judge Chushcoff was acting within his judicial capacity and is entitled to absolute judicial immunity. The Court grants Defendants' motion on this issue and dismisses all claims against Judge Chushcoff.

**2.     Prosecutorial Immunity**

Immunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). The focus is on the nature or function of the prosecutor's activity. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984). Where a

ORDER - 5

prosecutor acts as an advocate "in initiating a prosecution and in presenting the state's case," absolute immunity applies. *Id*. (quoting *Imbler*, 424 U.S. at 431).

In this case, Plaintiffs allege as follows:

> At the time that Defendant Richardson signed and filed the documents in cause # 05-3-00317-0, she knew or should have known that the proper jurisdiction for addressing any issues of contempt was King County Superior Court which was the court that entered the order.
> Defendant Hultman, at the time that he participated in cause # 05-3-00317-0, also knew or should have known that the Pierce County Superior Court did not have cognizance over the court order.

Complaint, ¶¶ 45-46. The Court finds that the alleged actions of the county prosecutors were within the quasi-judicial capacity of prosecutors because they were initiating a prosecution and presenting the state's case. Therefore, prosecutors Richardson and Hultman are entitled to prosecutorial immunity. The Court grants Defendants' motion on this issue and dismisses all claims against prosecutors Richardson and Hultman.

### 3. Qualified Immunity

The doctrine of qualified immunity "protects government officials from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. ----, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The U.S. Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), established a two-prong approach for determining whether qualified immunity applies in a given situation: (1) taken in a light most favorable to the plaintiff, do the facts alleged show a constitutional violation; and (2) was the allegedly violated constitutional right clearly established in light of the specific context of the case? *Saucier*, 533 U.S. at 201. The dispositive inquiry in considering the second prong is whether it would be clear to a reasonable official that the conduct was unlawful in the specific situation presented. *Id*. at 202 (citations omitted). The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In this case, Defendants move the Court to dismiss Plaintiffs' claims against the police officers who executed the arrest warrant and arrested Mrs. Hutt because, based on the allegations in the complaint, the officers are entitled to qualified immunity. Dkt. 24 at 14-20. The Court agrees. With regard to the issue of execution of the warrant, Plaintiffs allege as follows:

> At the time that Defendants Clark and Halsey knocked on the residence door at Plaintiffs' apartment, they knew that they were attempting to serve a civil arrest warrant and that they did not have authority to enter the residence without permission of a resident because they did not have an entry warrant or a search warrant. Defendants Clark and Halsey had no information that any criminal activity was suspected.

Complaint, ¶ 49. To the contrary, a properly issued bench warrant "carries with it the limited authority to enter a residence in order to effectuate the arrest . . . ." *United States v. Gooch*, 506 F.3d 1156, 1159 (9th Cir. 2007). Plaintiffs' claim is without merit.

With regard to the issue of excessive force, such claims "are to be judged under the Fourth Amendment's 'objective reasonableness' standard." *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citation omitted). Plaintiffs allege as follows:

> When Plaintiff Lawrence Hutt recognized Defendants Clark and Halsey as sheriff's deputies, Plaintiff stepped out of his apartment while pulling the door shut behind him.
> Defendants Clark and Halsey immediately moved to prevent Plaintiff Lawrence Hutt from closing the door with one grabbing Plaintiffs hand and the other grabbing Plaintiff's arm.
> By using their combined weight and simultaneously pulling on Plaintiff's arm, Defendants Clark and Halsey succeeded in forcing Plaintiff to release his grip on the door latch.
> As soon as Plaintiff lost his grip on the door latch, one of the deputy sheriff Defendants entered the apartment while the other deputy sheriff Defendant continued to hold Plaintiff's forearm while using his body to block Plaintiff from entering the apartment.

Complaint, ¶¶ 22-25. Plaintiffs have failed to show that the use of force to prevent Mr. Hutt from closing the door was not objectively reasonable. It should be noted that Plaintiffs' failure to allege a resultant injury from the use of force weighs against the finding that the force was excessive. Plaintiffs' claim is without merit.

1    Therefore, the Court grants Defendants' motion to dismiss all of Plaintiffs' claims against officers Clark and Halsey because, based on the allegations in the complaint, they are entitled to qualified immunity.

### 4. Conspiracy

Plaintiffs assert a claim that Defendants conspired "to violate civil rights, including deprivation of constitutional rights under color of law." Complaint, ¶ 62. To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of "an agreement or 'meeting of the minds' to violate constitutional rights.'" *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citation omitted). Plaintiffs have failed to allege any facts that would establish a conspiracy to violate their constitutional rights. Therefore, the Court grants Defendants' motion on this issue and dismisses this claim.

### 5. Municipal Liability

A municipality is liable under 42 U.S.C. § 1983 for the actions of its employees if those actions were taken pursuant to the policy, custom or practice of the municipality, or if the actions were taken by, or at the direction of, the person with final policy making authority for the municipality. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 (1978). However, if the employees are not liable for constitutional violations, then municipal liability is precluded as a matter of law. *Fairley v. Luman*, 281 F.3d 913, 916-917 (9th Cir. 2002).

In this case, Defendants request that the Court dismiss Plaintiffs' claims against Pierce County that are based on the actions of employees who are entitled to immunity. The Court grants Defendants' motion on this issue because the employees are entitled to immunity from suit, which precludes liability on these claims against the employer Pierce County.

### 6. Conclusion - Motion to Dismiss

The Court grants Defendants' motion to dismiss as to all claims against Judge Chushcoff on the basis of absolute judicial immunity. The Court grants Defendants' motion to dismiss as to all claims against county prosecutors Hultman and Richardson on the basis of prosecutorial immunity. The Court grants Defendants' motion to dismiss as to all federal claims against officers Clark and Halsey on the basis of qualified immunity. The Court grants Defendants' motion to dismiss Plaintiffs' conspiracy claim because there is an absence of allegations to establish a claim for conspiracy. The Court grants Defendants' motion to dismiss Plaintiffs' municipal liability claims against Pierce County for the actions of Judge Chushcoff, prosecutors Hultman and Richardson, and officers Clark and Halsey.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' joint motion for default (Dkt. 11) is **DENIED**, Defendants' motion to dismiss (Dkt. 24) is **GRANTED** as stated herein, Plaintiffs' motion for sanctions (Dkt. 25) is **DENIED**, Plaintiffs' motion to quash (Dkt. 26) is **DENIED**, and Defendants' motion to strike Plaintiffs' surreply (Dkt. 31) is **GRANTED**.

DATED this 20th day of November, 2009.

BENJAMIN H. SETTLE  
United States District Judge