1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE HUTT and PEGGY HUTT,
husband and wife and their marital
community,

Plaintiffs,

v.

PIERCE COUNTY, a political
subdivision of the State of Washington, et
al.,

Defendants.

CASE NO. C09-5271BHS

ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE OF
COURT TO AMEND PLEADING
AND MOTION FOR ORDER TO
CERTIFY CLASS ACTION

This matter comes before the Court on Plaintiffs' Motion for Leave of Court to

Amend Pleading and Motion for Order to Certify Class Action (Dkt. 38).  The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 14, 2009, Plaintiffs Lawrence and Peggy Hutt filed a civil rights complaint

under 42 U.S.C. § 1983.  Dkt. 6.  On July 18, 2009, Plaintiffs filed an Amended

Complaint against Defendants Pierce County, Pierce County prosecutors Sarah

Richardson and Carl Hultman, Pierce County Superior Court Judge Bryan Chushcoff, and

Pierce County Sheriff's deputies John Doe Clark and John Doe Halsey.  Dkt. 10

("Complaint").

ORDER - 1

1    On September 17, 2009, Defendants filed a motion to dismiss.  Dkt. 24.  On

2 November 20, 2009, the Court granted Defendants' motion to dismiss and found that

3 "prosecutors Richardson and Hultman are entitled to prosecutorial immunity."  Dkt. 33 at

4 5-6.

5    On March 8, 2010, Plaintiffs filed a Motion for Leave of Court to Amend Pleading

6 and Motion for Order to Certify Class Action.  Dkt. 38.  On March 22, 2010, Defendants

7 responded.  Dkt. 40.  Plaintiffs did not reply.

8                           **II. FACTUAL BACKGROUND**

9    On February 8, 2005, Defendant prosecutor Richardson filed a "Motion/

10 Declaration for an Order to Show Cause Re Contempt" against Margaret Santiago, a.k.a.

11 Peggy Hutt, for failure to pay child support based on an order of support entered on

12 March 27, 2003, in King County.  Dkt. 10 at 13.  On February 8, 2005, an Order to Show

13 Cause Re Contempt was entered directing Plaintiff Peggy Hutt to appear in Pierce County

14 Superior Court in this matter and warning that failure to appear in the matter may result in

15 a bench warrant.  *Id*. at 11-12.

16    Out of this action, Judge Chushcoff signed an order of contempt and an order

17 authorizing a bench warrant against Mrs. Hutt.  Dkt. 10, ¶ 19.  On May 7, 2007, deputies

18 Clark and Halsey attempted to serve the warrant by going to Mrs. Hutt's residence and

19 knocking on the door.  *Id*. ¶ 20.  Mr. Hutt answered the door, and then attempted to pull

20 the door shut behind him.  *Id*. ¶ 22.  The deputies removed Mr. Hutt's hand from the door,

21 and as Mr. Hutt lost his grip on the door, one of the deputies entered the home and

22 arrested Mrs. Hutt.  *Id*. ¶¶ 24-26.  The other deputy continued to hold Mr. Hutt's forearm

23 while using his body to block Mr. Hutt from entering the home.  *Id*.

24    After the arrest, Mrs. Hutt was booked into Pierce County Jail on the warrant and

25 alleges that she was strip-searched.  *Id*. ¶¶ 24-35. On May 8, 2007, she appeared in court

26 and bail was set at $1,000.  Dkt. 30, Exh. B.

27

28

ORDER - 2

1   On June 22, 2007, prosecutor Hultman filed documentation for a second bench

2   warrant to be issued for Mrs. Hutt.  Dkt. 10, ¶ 40.  A bench warrant was issued by Judge

3   Chushcoff and ultimately quashed on February 9, 2009.  *Id.* ¶¶ 41-43.  Plaintiffs now

4   bring this action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth,

5   Eighth, and Fourteenth Amendments to the United States Constitution.  *Id.* ¶ 62.

6   Plaintiffs also bring several tort claims under state law.  *Id.* ¶¶ 60-61.

7   **III. DISCUSSION**

8   In certain circumstances, a "party may amend its pleading only with the opposing

9   party's written consent or the court's leave. The court should freely give leave when

10  justice so requires."  Fed. R. Civ. P. 15 (a)(2).  In considering whether to permit

11  amendment, courts consider the following factors: "(1) bad faith, (2) undue delay, (3)

12  prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has

13  previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

14  Cir. 1990).  An amendment is futile "only if no set of facts can be proved under the

15  amendment to the pleadings that would constitute a valid and sufficient claim or defense."

16  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

17  In this case, Plaintiffs request leave to amend their complaint to add a class action

18  claim as follows:

19          The proposed amended complaint will add a claim that alleges that
     Defendant Pierce County, by and through its County Prosecutor, has
20   authorized its deputy prosecutors to behave in a manner similar to the
     manner in which they have acted toward Plaintiff Peggy Hutt; that Defendant
21   Pierce County knew or should have known that it was ordering or
     authorizing its deputy prosecutors to violate state law and/or state and federal
22   constitutional rights; and that Defendant Pierce County has damaged each
     and every member of the class by these actions.
23          The class consists of all persons who have been subject to coercive
     legal actions (child support contempt proceedings) in Pierce County Superior
24   Court where the actions were initiated by Pierce County deputy prosecutors
     and that the legal actions were based on child support orders that are not
25   from Pierce County Superior Court cases.

26  Dkt. 38 at 2-3.  Defendants argue that the Court has already granted the prosecutors

27  absolute immunity and dismissed this claim.  Dkt. 40 at 3.  The Court agrees.  *See* Dkt.

28

ORDER - 3

1   33.  Therefore, the Court denies Plaintiffs' motion for leave to amend because Plaintiffs'

2   amendment would be futile.

3        The Court also denies Plaintiffs' requests to certify a class and to appoint counsel

4   for the class because there is not a class action claim.

5                                    **IV. ORDER**

6        Therefore, it is hereby

7        **ORDERED** that Plaintiffs' Motion for Leave of Court to Amend Pleading and

8   Motion for Order to Certify Class Action (Dkt. 38) is **DENIED**.

9        DATED 1st day of April, 2010.

10

11

12                                    BENJAMIN H. SETTLE
                                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 4